```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTIN GRISKIE, LLC,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       15-CV-3186(JS)(AYS)

BIG MACHINE RECORDS,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Christin Griskie, LLC, pro se
                   52 Laurel Hill Road
                   Centerport, NY 11721

For Defendant:     No appearance.
```

SEYBERT, District Judge:

On June 1, 2015, pro se plaintiff Christin Griskie, LLC, ("Plaintiff") filed a Complaint in this Court against Big Machine Records ("Defendant"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

BACKGROUND[1]

Plaintiff alleges that her "9th Ammendment [sic] & Right to Privacy was invaded" in connection with the alleged theft of Plaintiff's intellectual property. (Compl. ¶ III. C, and at 6.) More specifically, Plaintiff claims that, in 2013, she submitted a video tape to a drug store in Florida for replication and surmises that the song "Shake it Off" was created from material "taken" from the video. (Compl. ¶ III. 3, and at 6.) Plaintiff explains that she is running for President of the United States in 2016 and, as such, she is "able to read between the lines." (Compl. ¶ III. C.)

According to the Complaint, "[t]he massive rip offs in the entertainment industry show me . . . that [they] create the world's perceptions and were paying attention to my example and life." (Compl. ¶ III. C.) Plaintiff describes that her "goal is to show the public my intentions are/were to win the 2016 Presidential primaries." (Compl. ¶ III. C.) The balance of the Complaint reads, in its entirety:

> Christin Griskie is suing for 10% of all royalties and or other monies made by Big Machine Records, based on song, "Shake it Off" with a settlement date of July 1, 2015.
>
> Additional damages of 20% of all royalties and or other monies made by Big Machine Records

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

> will be sought if this settlement is delayed beyond August 1, 2015 based on song, "Shake it Off."
>
> A home video of Christin Schulte's childhood was given to a local drug store in Panama City Florida for replication. The video should have taken less than 10 days to mail and reproduce. It took over 3 weeks without clear explanation of staff. Big Machine Financials could not be found on internet for this particular song or for the company Big Machine.
>
> My intent is not to tarnish the reputation of Big Machine. My intent is to be made right for access and use of my intellectual property based on specific life events that were taken from my example spanning my childhood (and family that will remain unnamed).
>
> Corporate America, specifically the music industry, simply cannot use material from regular citizens without their consent and personal profit this is in no way fair and or just. Failing to simply approach me as a writer, actor or producer or other talent would have been the appropriate and legal way to approach my story to the benefit of the American people.
>
> Subtle or overt content in any commercial, movie, song, product that is not authentic and that takes from the private life of another is illegal and invasion of privacy, a breach of the constitution and Big Machine is one of many companies that have profited from my example as a non celebrity to this point.

(Compl. at 6.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that

3

Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v.

4

Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. An LLC Cannot Appear Pro Se in Federal Court

As a threshold matter, it is well-established that a limited liability company ("LLC") "may appear in federal court only through a licensed attorney." Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007). This is true even where the corporation has a single shareholder. Lattanzio, 481 F.3d at 140 ("a sole member of a limited liability company must bear the burdens that accompany the benefits of the corporate form and may appear in federal court only through a licensed attorney."). Thus, because an LLC is the sole Plaintiff in this action, it cannot proceed in this Court pro se. Accordingly, to proceed with this case, Plaintiff must retain an attorney. Nevertheless, the Court will at this juncture exercise its discretion and consider whether the claims asserted by Plaintiff are plausible.

IV. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

5

> Constitution and laws, shall be liable to the
> party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Here, Plaintiff alleges that her "9th Ammendment & Right to privacy was invaded." (Compl. at ¶ III. C.)

A. The Ninth Amendment

The Ninth Amendment to the U.S. Constitution provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend, IX. The Ninth Amendment "is a rule of construction that does not give rise to individual rights." Zorn v. Premiere Homes, Inc., 109 F. App'x 475 (2d Cir. 2004) (citing United States v. Bifield, 702 F.2d 342, 349 (2d Cir. 1983)). Thus, the Ninth Amendment does not provide a basis for a cause of action and Plaintiff's claim thereunder is not plausible as a matter of law. Accordingly, Plaintiff's Ninth Amendment claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   State Action

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Private actors, such as Defendant, may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142

7

(1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Defendant is a purely private entity that does not act under color of state law. Nor are there any factual allegations from which the Court could reasonably construe that Defendant was a joint actor or conspired with a state actor. Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Defendant and it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here and concludes that it is not.

"An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless

legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (alteration in original) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Here, Plaintiff speculates that the idea for the song "Shake it Off" allegedly published by Defendant was copied from a video tape that she had submitted to a drug store in Florida in 2013 for duplication. Plaintiff believes that she was targeted by Defendant because she is now and was previously a Presidential candidate and therefore Defendant is "paying attention to my example." (Compl. at ¶ III. C.) Such allegations rise to the level of irrational, are wholly incredible, and do not set forth any cognizable claim. Accordingly, the Court DENIES LEAVE TO FILE AN AMENDED COMPLAINT.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

9

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  29 , 2015
       Central Islip, New York